**FILED**

May 06, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ISMAEL REYNA-SALDANA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-1811-OLG** |
| **v.** | § | |
| | § | |
| **MIGUEL VERGARA** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Ismael Reyna-Saldana's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 6). On April 14, 2018, Petitioner was temporarily admitted into the United States on a visitor visa. *See* Dkt. Nos. 1-2 at 3; 6-2 at 3. However, he remained in the United States beyond the authorized period. *See* Dkt. No. 1-2 at 3. When encountered by immigration authorities in 2025, he was arrested and placed in removal proceedings. *Id.* On March 20, 2026, Petitioner initiated this habeas action asserting that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) "without an individualized determination evaluating flight risk, danger, and the necessity of detention violates procedural due process." Dkt. No. 1 at 10. Petitioner is mistaken.

As Respondents correctly point out, *see* Dkt. No. 6 at 1, Petitioner was granted admission into the United States and is, therefore, not an "applicant for admission" subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). He received that hearing on February 23, 2026, during which the immigration judge determined that he posed a flight risk. *See* Dkt. No. 6-1. Because Petitioner received due process during his removal proceedings, and because he does not otherwise challenge the sufficiency of that process, the Petition (Dkt. No. 1) is **DENIED**. *See, e.g., Adedire v. Warden*, No. 26-CV-649,

2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.")

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on May _____6_____, 2026.

ORLANDO L. GARCIA
United States District Judge

2